**E-FILED on** 1/5/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAUL CAMPOS,

    Petitioner,

v.

ROBERT HOREL, Warden

    Respondent.

No. C-08-03750 RMW

ORDER TO SHOW CAUSE

Petitioner a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court will require respondent to show cause why a writ of habeas corpus should not be granted.

## I. BACKGROUND

Petitioner was convicted of four counts of first degree murder, attempted robbery and residential burglary in San Mateo Superior Court. On February 25, 2005, petitioner was sentenced to an aggregate term of life without possibility of parol with an additional term of twenty years. Petitioner appealed his conviction to the California Court of Appeal, First Appellate District, which on February 27, 2007 affirmed his convictions. On May 9, 2007 review was denied by the California Supreme Court. The instant petition for habeas corpus was filed in this court on August 5, 2008.

## II. ANALYSIS

### A. Standard of Review

This court may entertain a petition for writ of habeas corpus "on behalf of a person in

custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Petitioner's Claims

As grounds for federal habeas relief petitioner claims that incriminating statements he made while in effective custody and without being given his *Miranda* rights were used against him in violation of the Fifth Amendment. Petitioner claims *Miranda* warnings given to him were ineffective because they were given after custodial interrogation had begun. It does not appear from the face of the petition that petitioner's allegations are without merit.

### III. ORDER

Good cause appearing, the court hereby issues the following orders:

1. The Clerk of the Court shall serve a copy of this order and the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.

2. Respondent shall file with the court, within sixty (60) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer a copy of all portions of the state record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the answer, he shall do so by filing a traverse within thirty (30) days of the filing of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within sixty (60) days of the issuance of this order. If respondent files such a motion, petitioner shall file with the court an opposition or a statement of non-opposition within thirty (30) days of the filing of the motion, and respondent shall file with the court a reply within fifteen days of the filing of any opposition.

Dated: 12/17/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER TO SHOW CAUSE—No. C-08-03750 RMW AKT      2

**Notice of this document has been electronically sent to:**

**Counsel for Petitioner:**
Mark D. Greenberg          markdgreen@sbcglobal.net

**Counsel for Respondent:**
(No appearance)

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     1/5/10                          CCL
                                                                     **Chambers of Judge Whyte**